UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA ,

        Plaintiff,

v.

CHRISTOPHER SCOTT ATKINSON,

        Defendant.

_____/

File No.  1:07-CR-16

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This matter comes before the Court on Defendant Christopher Scott Atkinson's motion to dismiss for prejudicial pre-indictment delay and prosecutorial vindictiveness.  For the reasons that follow the motion will be denied.

### **I.**

Defendant was indicted on April 28, 2005, on one count of being a felon in possession of a firearm.  Case No. 1:05-CR-104.  On October 6, 2005, the government moved to dismiss the indictment without prejudice because of its inability to locate two essential government witnesses, Qreisha Jones, and Marcus Phillips.  The case was dismissed without prejudice on October 6, 2005.  Defendant's *pro se* motions to dismiss with prejudice (Docket #'s 39 & 43) were denied.  (Docket # 46).

On January 25, 2007, the grand jury issued a second indictment against Defendant, this time charging him with being a felon in possession of ammunition in addition to being

a felon in possession of a firearm.   Case No. 1:07-CR-16.   Both charges concerned possession on or about September 25, 2004.

## II.

Defendant moves to dismiss the indictment based upon his contention that pre-indictment delay has prejudiced his proposed defense at trial in violation of his rights under the Fifth Amendment Due Process Clause.

Although the statute of limitations provides "the primary guarantee against bringing overly stale criminal charges," the Due Process Clause also has a role in protecting against oppressive pre-indictment delay.   *United States v. Lovasco*, 431 U.S. 783, 789  (1977). Prejudice is a necessary but not sufficient element of a due process claim.   *Id.* at 790 (citing *United States v. Marion*, 404 U.S. 307, 324-25 (1971).   The due process inquiry must consider not only prejudice to the defendant, but also the reasons for the delay.   *Id.*   The court must consider whether the delay violates those "fundamental conceptions of justice which lie at the base of our civil and political institutions," and which define "the community's sense of fair play and decency."   *Id.* (citations omitted).

The Sixth Circuit has repeatedly held that in order to make out a due process violation a defendant must establish:  "(1) prejudice to his right to a fair trial, and (2) that the delay was intentionally caused by the government in order to gain a tactical advantage."  *United States v. Atchley*, 474 F.3d 840, 852 (6th Cir. 2007) (quoting *United States v. Wright*, 343 F.3d 849, 859 (6th Cir. 2003)).

2

**a. Prejudice**

Defendant contends that his right to a fair trial has been prejudiced because the delay has compromised his ability to present a defense to the charges.  Defendant's mother, Alice Atkinson, told the police on November 19, 2004, that the gun belonged to her.  According to Defendant, Mrs. Atkinson's testimony was going to be the keystone of his defense, but she is no longer able to testify at trial because she now suffers from Alzheimer's disease.

Although Defendant has not offered the Court any medical evidence to support his assertion regarding his mother's mental condition, for purposes of this motion the Court will assume that Mrs. Atkinson is no longer competent to offer testimony at trial.  Nevertheless, if a witness dies or otherwise becomes unavailable during the pre-indictment period, the witness' unavailability, standing alone, is not sufficient to show prejudice.  The defendant must also show that the witness' testimony would have actually aided the defense, and that it could not be obtained through other means.  *United States v. Rogers*, 118 F.3d 466, 475 (6th Cir. 1997).

Defendant has shown that Mrs. Atkinson's testimony would have aided in his defense.  Defendant has also demonstrated that no one else would be in a position to offer the same testimony.  However, Defendant has not shown that Mrs. Atkinson's testimony could not be obtained through other means.  Mrs. Atkinson testified before the grand jury that the gun was hers.  That testimony has been preserved.  Accordingly, even if Mrs. Atkinson is unavailable to testify at trial, Defendant will be able to use her testimony before the grand jury.  *See* FED.

R. EVID. 804(b).  While the questioning of Mrs. Atkinson by the United States attorney before the grand jury may not be as effective as questioning by defense counsel at trial, Defendant will not be completely prevented from presenting evidence in support of his theory of the case to the jury.

**b.  Reason for Delay**

Not only has Defendant failed to show substantial prejudice caused by the delay, he has also failed to offer any evidence to suggest that the government delayed refiling the indictment in an effort to gain a tactical advantage.  *See Atchley*, 474 F.3d at 852 (requiring a defendant to establish that delay was intentionally caused by government to gain tactical advantage).  There is no evidence that the government delayed trial in anticipation that Mrs. Atkinson would develop Alzheimer's disease.  Moreover, the government is also adversely affected by the delay because the memories of its witnesses are also affected and potentially diminished by the passage of time.

Furthermore, "a defendant's Fifth Amendment due process rights are generally not implicated where the government offers a valid reason for the delay."  *United States v. Brown*, 959 F.2d 63, 66 (6th Cir. 1992) (citing *United States v. DeClue*, 899 F.2d 1465, 1469 (6th Cir. 1990)).  "It is well-established that a delay resulting from investigative efforts 'does not deprive [a defendant] of due process, even if his defense may have been somewhat prejudiced by the lapse of time.'"  *Rogers*, 118 F.3d at 476 (quoting *United States v. Atisha*, 804 F.2d 920, 928 (6th Cir. 1986)).

4

The reason the government has given for the delay is its inability to locate two essential witnesses.  It appears that the government has still not been successful in its attempts to locate Phillips, and that it acted promptly in obtaining the second indictment after it located Jones.

Although it appears that Defendant may have been prejudiced by the delay, that prejudice is minimized by the availability of Mrs. Atkinson's grand jury testimony.  More importantly, Defendant has not shown that the reasons for the delay violate "fundamental conceptions of justice." *Lovasco*, 431 U.S. at 789.  Accordingly, Defendant has not shown that the delay has resulted in a violation of his right to due process.

Even if the delay does not amount to a due process violation, Defendant contends the indictment should be dismissed pursuant to Rule 48(b) of the Federal Rules of Criminal Procedure.  Rule 48(b) provides that the court "may dismiss an indictment" if "unnecessary delay" occurs in "presenting a charge to a grand jury." FED. R. CRIM. P. 48(b)(1).  "By its terms Rule 48(b) is discretionary and, according to the Reporter's Notes, reflects the inherent power of courts to dismiss for want of prosecution." *United States  v. Ciammitti*, 720 F.2d 927, 929 (6th Cir. 1983).  *See also United States v. Goodson*, 204 F.3d 508, 513 (4th Cir. 2000) (holding that Rule 48(b) "not only allows a court to dismiss an indictment on constitutional grounds, . . . but it also restates the court's inherent power to dismiss an indictment for lack of prosecution where the delay is not of a constitutional magnitude.").

In light of the government's inability to locate essential witnesses, the minimal prejudice to Defendant, and the lack of culpability on the part of the government, the Court is not persuaded that the delay was "unnecessary" or that this case should be dismissed pursuant to Rule 48(b).

### III.

Defendant contends, in his amended motion, that the indictment should also be dismissed on the alternative ground that the addition of a second count of being a felon in possession of ammunition constitutes vindictive prosecution.

"[I]n order to show vindictive prosecution there must be (1) exercise of a protected right; (2) a prosecutorial stake in the exercise of that right; (3) unreasonableness of the prosecutor's conduct; (4) the intent to punish the defendant for exercise of the protected right." *United States v. Suarez*, 263 F.3d 468, 479 (6th Cir. 2001). Because a showing of "actual vindictiveness" would be hard to make, if a defendant shows a "realistic likelihood of vindictiveness," a court may presume an improper motive, forcing the prosecution to rebut the claim. *Bragan v. Poindexter*, 249 F.3d 476, 481-82 (6th Cir. 2001). Two examples of acceptable rebuttals would be governmental discovery of previously unknown evidence and previous legal impossibility. *Id.* at 482.

Defendant contends that the addition of Count 2 exposes him to partially consecutive stacking sentences pursuant to U.S.S.G. § 5G1.2(d), and that it was added pursuant to a

pretrial threat to increase the charges if the defendant did not plead guilty to the original charge and persisted on proceeding with a jury trial.

Defendant has not presented any evidence of such a threat and the government denies making such a threat.  The government contends that it added the second count based upon is discovery of previously unknown evidence.  According to the government, Defendant admitted to his parole officer in October 2004 that he had handled the ammunition that is the subject of the second count, but the government did not learn about this admission until shortly before trial was scheduled to commence on the first indictment.  Because the government encountered problems in securing the appearance of witnesses Jones and Phillips for trial on the first indictment, it added Count 2 to the second indictment because it could prove the ammunition charge independently of the testimony of either Ms. Jones or Mr. Phillips.

It appears to this Court that Count 2 was based on the government's discovery of new evidence and the government's reasonable fear of not having the necessary witnesses to prove Count 1.  It does not appear to have been added unreasonably, or with an intent to punish the Defendant for exercising his right to trial.  Moreover, even if the Court assumes that the government used the potential addition of the ammunition charge as a bargaining chip during plea negotiations, such action does not constitute vindictiveness.  The Sixth Circuit held that such a claim was effectively foreclosed by the holding in *Bordenkircher v. Hayes*, 434 U.S. 357, 363-65 (1978), that "in the 'give-and-take' of plea bargaining, there is no such element

of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer." *United States v. DeJohn,* 368 F.3d 533, 545 (6th Cir. 2004).  The Sixth Circuit "has consistently indicated that when the right asserted by the defendant is simply the right to go to trial, an additional charge entered after a failed plea bargain cannot, after *Hayes*, form the substance of a viable vindictive prosecution claim." *Id.  See also United States v. Goodwin*, 457 U.S. 368, 382 (1982) ("A prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution.  An initial decision should not freeze future conduct.").  Defendant has not convinced the Court that the indictment as a whole or the ammunition charge should be dismissed for vindictive prosecution.  Accordingly, Defendant's motion to dismiss will be denied.

An order consistent with this opinion will be entered.


Date:     June 18, 2007              /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE